UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAHHIM EASTER,

    Petitioner,

    v.                                            CAUSE NO. 3:22-CV-196-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Jahhim Easter, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-2-61) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of battery in violation of Indiana Department of Correction Offenses 102. Following a disciplinary hearing, he was sanctioned with a loss of one hundred eighty days earned credit time and a demotion in credit class.

Easter argues that he is entitled to habeas relief because the administrative record lacked sufficient evidence for a finding of guilt. He asserts that, if he had assaulted the correctional officer as charged, the correctional officer would have signaled over the radio for assistance from other correctional staff.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's

>  guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). A conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a correctional officer represented that, when she went to lock the cuff port to Easter's cell, he violently pushed the cuff port open, which hit her hands on two separate occasions. ECF 8-1. Even assuming that the correctional officer did not request assistance from other correctional staff, the conduct report constitutes some evidence that Easter committed battery against the correctional officer. Therefore, the argument that the administrative record lacked sufficient evidence for a finding of guilt is not a basis for habeas relief.

Easter argues that he is entitled to habeas relief because he did not receive adequate assistance from a lay advocate. "[D]ue process [does] not require that the prisoner be appointed a lay advocate, unless an illiterate inmate is involved or where the complexity of the issue makes it unlikely that the inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case." *Miller v. Duckworth*, 963 F.2d 1002, 1004 (7th Cir. 1992). Easter's filings with this court and his administrative appeal demonstrate his literacy, and the charge of battery was not particularly complex. ECF 2; ECF 8-1; ECF 8-7. Therefore, the argument that he did not receive adequate assistance from a lay advocate is not a basis for habeas relief.

Easter also argues that he is entitled to habeas relief because he was charged with the offense of Battery Against Offender instead of the offense of Battery Against Staff and because the conduct report describes an incident of battery against a staff member. The Warden responds that, at the time of the offense, Offense 102 encompassed both types of battery. To satisfy procedural due process, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." *Wolff v. McDonnell*, 418 U.S. 539, 564 (1974). The departmental appendix of disciplinary offenses was revised in January 2018 and again in March 2020.[1] The offense occurred on February 2, 2020, so the January 2018 version of the appendix applies. ECF 8-1. The January 2018 version of the appendix does not distinguish between battery against offenders and battery against staff members. ECF 8-10. Because the conduct report did not mislead Easter as to the nature of his charges, this claim is not a basis for habeas relief.

Because Easter has not demonstrated that he is entitled to habeas relief, the habeas petition is denied. If Easter wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

---

[1] The March 2020 version of the appendix is available at https://www.in.gov/idoc/files/ADP-Attachment-I-Offenses-3-1-2020.pdf.

3

(1) DENIES the habeas corpus petition (ECF 2);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Jahhim Easter leave to proceed in forma pauperis on appeal.

SO ORDERED on July 11, 2022

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT